UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EDDIE W. STAMPER, | : | Case No. 1:20-cv-467 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 22)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen Litkovitz. The Magistrate Judge reviewed the pleadings filed with this Court and, on November 30, 2021, submitted a Report and Recommendation. (Doc. 22). Plaintiff Eddie Stamper filed objections to the Report and Recommendation on December 7, 2021. (Doc. 23).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing and careful review of Plaintiff's objections, the Court finds that the Report and Recommendation (Doc. 22) should be and is hereby adopted in its entirety.

On November 30, 2021, the Magistrate Judge recommended that this Court affirm the ALJ's decision and terminate this case. The Report and Recommendation thoughtfully resolved Plaintiff's assignments of error. Plaintiff submitted objections on December 3, 2021. (Doc. 23). The Commissioner filed a response electing to "rest on the arguments already made in her merits brief." (Doc. 24).

Under 28 U.S.C. § 636(b)(1), the Court reviews, de novo, "those portions of the report or specified proposed findings or recommendations to which objection is made." Here, Plaintiff raises three objections. *First*, Plaintiff objects to the Magistrate Judge's specific proposed findings that the ALJ assigned appropriate weight to the opinions of Dr. Swedberg, the state agency reviewing physicians, and Dr. Reddy as to Plaintiff's physical limitations. (Doc. 23 at 1). *Second*, Plaintiff objects to the Magistrate Judge's finding that the ALJ properly discounted the psychiatric opinion of Dr. Tasnin. *Third*, Plaintiff objects that the Magistrate Judge overlooked the ALJ's failure to include limitations on Plaintiff's interactions with other as suggested by state agency's psychologists. The Court has reviewed these proposed findings de novo and concludes that Plaintiff's objections are without merit.

> a) *The ALJ gave appropriate weight to the opinions of Dr. Swedberg, the state agency's physicians, and Dr. Reddy*

Ordinarily, an ALJ gives "controlling" weight to the opinion of a treating physician, but that opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with the other substantial evidence in [the claimant's] case record . . . ." 20 C.F.R § 404.1527(c)(2).3F. Opinions

of medical sources who have *not* treated the claimant (i.e., non-treating medical sources) are weighed based on the medical specialty of the source, how well-supported by evidence their opinions are, how consistent the opinion is with the record as a whole, and other factors which tend to support or contradict the opinion. *See* 20 C.F.R. §§ 404.1527(c)(3)-(6). For instance, medical sources who have examined a claimant are entitled to more weight than those who have not. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). Thus, cases arise where a well-supported examining medical source's opinion outweighs the opinion of a treating physician. An ALJ is entitled to make that determination where it is based on substantial evidence.

Plaintiff asserts that the ALJ should not have relied on Dr. Swedberg's assessment that Plaintiff's condition was "entirely normal." He further asserts that the state agency's reviewing physicians are not credible because they relied on Dr. Swedberg's conclusions. Plaintiff prefers that the ALJ should have relied on Dr. Reddy's opinion because she was Plaintiff's treating physician.

Dr. Swedberg did not treat the Plaintiff but did examine him. Plaintiff focuses narrowly on Dr. Swedberg's statement that Plaintiff's "physical examination was entirely normal." (Tr. 615). But the ALJ did not adopt that conclusion wholesale. The ALJ elected to assign Dr. Swedberg's opinion "some weight" and ultimately augmented Plaintiff's residual functional limitation based on consistent observations by Dr. Swedberg, the state agency physicians, *and Dr. Reddy*. (See Tr. 22, 26) (discussing diminished grip strength, limitations related to a remote history of seizures, and other additional limitations based on subsequent medical records).

3

On the other hand, the ALJ found Dr. Reddy's RFC opinion was inconsistent with Dr. Reddy's own treatment records. *See, e.g.*, Tr. 762 (noting that plaintiff reported only intermittent, mild back pain), Tr. 713 (osteoarthritis and degenerative disc disease were controlled with medication)), the records of those in her practice (*see, e.g.,* Tr. 749, 1244 (normal range of motion, no edema, no tenderness). Indeed, the RFC questionnaire Dr. Reddy completed directly conflicted with treatment records from the same date that indicated Plaintiff's condition was well-managed. Tr. 23. The ALJ further noted the Plaintiff's treatment history with Dr. Reddy was not significant. *See id*. Plaintiff had only seen Dr. Reddy a handful of times before she rendered her RFC opinion. Thus, the Magistrate Judge properly concluded that the ALJ provided "good reasons" for generally crediting the opinions of the non-treating medical sources over Dr. Reddy. This Court has no basis to second guess that recommendation and adopts it.

Plaintiff further objects that the ALJ improperly interpreted Plaintiff's January 2019 shoulder x-rays when she determined that Plaintiff's shoulder issues did not justify the lifting limitation in Dr. Reddy's RFC assessment. The record, however, does not reflect that the ALJ interpreted the new x-rays. Rather, the ALJ properly considered Plaintiff's own statements to assess his limitations even after the x-rays were taken. (Tr. 21, 1385). Moreover, the x-rays could not have provided support for Dr. Reddy's RFC opinion. As the Magistrate Judge observed, the 2019 x-rays were taken nearly a year and a half *after* Dr. Reddy's opinion. The remaining evidence therefore supported the ALJ's decision to discount Dr. Reddy's opinion. Plaintiff's first objection is **OVERRULED.**

> b) *The ALJ properly discounted Dr. Tasnin's psychological opinion*

Plaintiff's second objection is that the Magistrate Judge failed to address the ALJ's improper rejection of Plaintiff's treating psychiatrist, Dr. Tasnin. (Doc. 23 at 2-3). The Report and Recommendation expressly addresses this point, however. As with Dr. Reddy, the ALJ found Dr. Tasnin's opinion inconsistent with Dr. Tasnin's own treatment records. The Report and Recommendation documents the ALJ's findings more than adequately. (Doc. 22 at 25-28). The Court therefore adopts the Magistrate Judge's conclusion that substantial evidence supported the ALJ's decision to discount Dr. Tasnin's psychiatric opinion.

> c) *The ALJ accounted for Plaintiff's limitation to "superficial" interactions*

Last, Plaintiff objects that the Magistrate Judge should not have found that the ALJ accounted for the assessment of state psychologists that Plaintiff was limited to only "superficial" interactions with others. Plaintiff relies heavily on the ALJ's statement that "superficial is not vocationally relevant terminology." (Tr. 26). According to Plaintiff, a limitation to "superficial" interaction amounts to a limitation on the *quality* of interactions he can have with others. (Doc. 23 at 4). Notwithstanding the ALJ's words, the record—as recounted in the Report and Recommendation—proves that the ALJ *did* account for limitations on the quality on interactions Plaintiff could have with others. (Doc. 22 at 30 citing Tr. 26). For instance, the ALJ recommended against "tandem or shared tasks" or jobs in which Plaintiff would work "in a customer service capacity." (Tr. 20). Thus, the ALJ properly accounted for the state psychologists' opinions. The Report and Recommendation concluding the same is therefore adopted.

Accordingly, for the reasons stated above:

1. The Report and Recommendation (Doc. 22) is **ADOPTED**;

2. Plaintiff's objections (Doc. 23) are **OVERRULED;**

3. The Commissioner's non-disability decision is **AFFIRMED**, as that decision is supported by substantial evidence; and

4. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 4/21/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge